UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONYALL WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03655-TWP-MPB |
| | ) |
| CORIZON HEALTH THE COMPANY, | ) |
| LORETTA DAWSON, | ) |
| WEXFORD HEALTH THE COMPANY, | ) |
| WENDY E. KNIGHT, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Donyall White, an inmate at the Correctional Industrial Facility, brings this action pursuant to 42 U.S.C. § 1983 and state law alleging that the defendants have failed to ensure that he received proper treatment for his pain in his feet and his back.

## I. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

White alleges that the defendants have failed to treat his pain, particularly his need for orthopedic inserts for his boots. White alleges that this failure is the result of negligence and deliberate indifference on the part of each of the defendants.

Applying the screening standard to the factual allegations in the complaint, the following claims **shall proceed**: White's claim that Corizon employees failed to treat his condition shall proceed as a negligence claim against Corizon; White's claim that Corizon maintained a policy or practice that resulted in the failure to treat him shall proceed as a claim that Corizon was deliberately indifferent to White's medical needs in violation of the Eighth Amendment; White's claims against Wendy Knight shall proceed as negligence and Eighth Amendment deliberate indifference claims; White's claims that Loretta Dawson failed to treat his condition shall proceed as negligence and Eighth Amendment deliberate indifference claims; White's claim that Wexford employee Loretta Dawson failed to treat his condition shall proceed as a negligence claim against Wexford. Any Eighth Amendment deliberate indifference claim against Wexford is **dismissed** because White does not allege that this treatment was the result of a policy or practice on the part of Wexford. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009).

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were

alleged in the complaint, but not identified by the Court he shall have **through January 19, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 12/28/2017

*(signature)*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donyall White
980181
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to the following employee at the Correctional Industrial Facility: Wendy Knight

Corizon Health
103 Powell Court
Brentwood, TN 37027

Wexford Health Sources
501 Holiday Drive
Foster Plaza Four
Pittsburgh, PA 15220

Loretta Dawson
MEDICAL EMPLOYEE
CORRECTIONAL INDUSTRIAL FACILITY
5124 West Reformatory Road
PENDLETON, IN 46064

Courtesy Copies to:

Jeb Crandall
8470 Allison Pointe Blvd #420
Indianapolis, IN 46250

Douglass Bitner
334 North Senate Ave
Indianapolis, IN 46204